**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 5:24-CR-16(MTT)** |
| | ) | |
| **EBONI POINDEXTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Defendant Eboni Poindexter filed a pro se motion to expunge her criminal record. ECF 166. The Government opposed the motion. ECF 168. For the reasons that follow, Poindexter's motion for expungement (ECF 166) is **DISMISSED** for lack of subject matter jurisdiction.

## I. BACKGROUND

Poindexter was indicted in a multi-count indictment on March 12, 2024. ECF 1. The Government superseded its indictment on November 21, 2024, and again on April 9, 2025. ECF 51; 125. On April 22, 2025, the Government filed a motion to dismiss the second superseding indictment against Poindexter with prejudice, which the Court granted. ECF 141; 143.

## II. DISCUSSION

Federal courts "possess that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). The Government argues, and the Court agrees, that no federal statute authorizes district courts to hear motions for expungement like Poindexter's. Accordingly, the Court considers the doctrine of

ancillary jurisdiction under the *Kokkonen* framework.[1] Under *Kokkonen*, ancillary jurisdiction can be invoked: "(1) to permit disposition by a single court of claims that are in varying respects and degrees, factually interdependent; . . . and (2) to enable the court to function successfully, that is, to manage proceedings, vindicate its authority, and effectuate decrees." *Kokkonen,* 511 U.S. at 379–80. Poindexter has the burden of demonstrating the Court's jurisdiction. *Id.* at 377.

Requests for expungement fall into two buckets: "equitable" expungement and "constitutional" expungement. *See Batmasian*, 66 F.4th at 1281. Poindexter's motion raises solely equitable grounds for expungement. She argues that her restricted criminal record "can still appear during high-level background checks conducted by federal agencies, professional boards, and grant administrators," and "[b]ecause of the work [she does] in [her] community, even a restricted record can be misinterpreted and detrimental to [her] professional reputation." ECF 166 at 1. She states that if her restricted record "appears during vetting by high-level officials or institutions . . . [she] will be forced to relive the embarrassment and pain of an arrest that never should have occurred." *Id.* at 2.

Poindexter has failed to meet her burden of demonstrating the Court's jurisdiction.[2] As noted in *Batmasian,* "the First, Second, Third, Sixth, Seventh, Eighth, and Ninth Circuits have declined to recognize that they have ancillary jurisdiction to hear equitable expungement motions in light of *Kokkonen.*" 66 F.4th at 1281 n.3 (collecting

---

[1] "[C]ourts have consistently applied the *Kokkonen* framework to requests from defendants to utilize their ancillary jurisdiction to expunge criminal records." *United States v. Batmasian,* 66 F.4th 1278, 1281 (11th Cir. 2023).

[2] Poindexter did not argue that the Court may exercise ancillary jurisdiction over her motion, and she did not respond to the Government's opposition brief raising this issue. *See* ECF 166; 168.

cases). And the Eleventh Circuit has affirmed a district court's ruling that it did not have subject matter jurisdiction over a defendant's motion to expunge his criminal record based on equitable grounds in an unpublished decision. *United States v. Adalikwu*, 757 Fed. App'x 909, 911–12 (11th Cir. Dec. 12, 2018).

Poindexter's motion for equitable expungement does not invoke the Court's ancillary jurisdiction under *Kokkonen*. Under the first part of that framework, Poindexter's request for expungement is not factually dependent on her underlying criminal case, and in fact, the equitable concerns raised in Poindexter's motion "arose *after* [her] arrest . . . and are entirely external to the criminal case itself." *Id.* at 912. Under the second part of the *Kokkonen* framework, Poindexter's request for expungement does not enable Court to "manage proceedings, vindicate its authority, [or] effectuate decrees." *Kokkonen,* 511 U.S. at 380. After granting the Government's motion to dismiss the indictment against Poindexter with prejudice, "[t]he essential business of the [C]ourt as it related to [Poindexter] was complete[]." *Adalikwu*, 757 Fed. App'x at 912. Accordingly, the Court is precluded from asserting ancillary jurisdiction over Poindexter's motion.

### III. CONCLUSION

Poindexter's motion for expungement (ECF 166) is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED**, this 13th day of May, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-3-